```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------X    For Online Publication Only
FREEDOM MORTGAGE CORPORATION,
                                                                     ORDER
                                      Plaintiff,                     18-cv-06592 (JMA) (A&s)

              -against-
                                                                     FILED
                                                                     CLERK
DAVID GIVENS, VANESSA GIVENS,
                                                                     5/6/2019 10:40 am
                                      Defendants.                    U.S. DISTRICT COURT
----------------------------------------------------------------X    EASTERN DISTRICT OF NEW YORK
                                                                     LONG ISLAND OFFICE
```

**AZRACK, United States District Judge:**

Plaintiff Freedom Mortgage Corporation (the "Plaintiff") brought this diversity action against defendants David Givens and Vanessa Givens (the "Defendants") seeking to foreclose on a mortgage encumbering the property at 324 West 3rd Street, Deer Park, New York 11729 (the "Subject Property"). (See Compl., ECF No. 1.) Before the Court is Plaintiff's motion for default Judgment of Foreclosure and Sale against the Defendants pursuant to Fed. R. Civ. P. 55(a) and New York Real Property Actions and Proceedings Law ("RPAPL") Article 13. (ECF Nos. 11, 12, 13.) Plaintiff requests that the Court appoint a Referee to effectuate a sale of the Subject Property and to disburse the funds from such sale pursuant to RPAPL § 1321 and Fed. R. Civ. P. 53. Plaintiff also moves for monetary damages and attorneys' fees. For the reasons stated herein, Plaintiff's motion is GRANTED, and Plaintiff is awarded damages and additional relief as described below.

## I. DISCUSSION

### A. Defendants Defaulted

Defendants were properly served in this action, but have not answered, appeared in this action, responded to the instant motion for default judgment, or otherwise defended this action.

**B. Liability**

When a defendant defaults, the Court is required to accept all of the factual allegations in the complaint as true and draw all reasonable inferences in the plaintiff's favor. Finkel v. Romanowicz, 577 F.3d 79, 84 (2d Cir. 2009). However, the Court also must determine whether the allegations in the complaint establish the defendant's liability as a matter of law. Id.

Under New York law, "a plaintiff in an action to foreclose a mortgage [must] demonstrate: 'the existence of the mortgage and mortgage note, ownership of the mortgage, and the defendant's default in payment.'" Gustavia Home, LLC v. Bent, 321 F. Supp. 3d 409, 414 (E.D.N.Y. 2018) (citing Campaign v. Barba, 23 A.D.3d 327, 805 N.Y.S.2d 86 (2d Dep't 2005)). Here, Plaintiff appends to the Complaint a Certificate of Merit Pursuant to CPLR 3012-B which includes copies of the Mortgage, the Mortgage Noe, and the assignment of the Mortgage to Plaintiff. (ECF No. 1-3.) Moreover, Plaintiff includes an affidavit from Lisa Thomas, a specialist of Plaintiff, affirming that the Mortgage is in default, and appending a copy of the notice of default sent to the Defendants. (ECF No. 12-1, Ex. G.). This documentary evidence, together with the allegations in the complaint, is sufficient to establish the Defendants' liability. Thus, Plaintiff has established its right to foreclose upon the Subject Property and a judgment of foreclosure will be entered appointing Plaintiff's recommended Referee, Thomas J. Stock, Esq., to effectuate the sale of the Subject Property.

**C. Damages**

In addition to foreclosure of the Subject Property, plaintiff requests an award of monetary damages. "'[W]hile a party's default is deemed to constitute a concession of all well pleaded allegations of liability, it is not considered an admission of damages.'" Bricklayers & Allied Craftworkers Local 2, Albany, N.Y. Pension Fund v. Moulton Masonry & Const., LLC, 779 F.3d

182, 189 (2d Cir. 2015) (quoting Cement & Concrete Workers Dist. Council Welfare Fund v. Metro Found. Contractors, Inc., 699 F.3d 230, 234 (2d Cir. 2012)). The Court must conduct an inquiry to "ascertain the amount of damages with reasonable certainty." Credit Lyonnais Sec., Inc. v. Alcantara, 183 F.3d 151, 155 (2d Cir. 1999) (citing Transatlantic Marine Claims Agency, Inc. v. Ace Shipping Corp., 109 F.3d 105, 111 (2d Cir. 1997)).

Plaintiff seeks recovery of the Principal Balance of $329,982.61 owed by the Defendants on the Note and Mortgage, together with interest on that amount at 3.875% per annum. Plaintiff also seeks recovery of various charges and disbursements due under the Note and Mortgage, amounting to: $5,555.18. The Court finds that Plaintiff's submissions, including the complaint and affidavit from Lisa Thomas, together with the exhibits annexed thereto, establishes damages to a reasonable certainty. Accordingly, Plaintiff is awarded $335,537.79 in damages and $12,961.10 in interest on the Principal Balance calculated at 3.875% per annum from May 1, 2018 through the date of this Order (which results in a per diem rate of $35.03).

### D. Attorneys' Costs

Plaintiff also requests an award of $1,493.38 in litigation costs incurred in litigating this action. (ECF No. 12-1, Ex. H.) Under both the Note and the Mortgage, Plaintiff is entitled to the recovery of attorney's fees and costs in the event of a default. The Court has reviewed the supporting documentation and finds the litigation costs detailed therein to be reasonable. Accordingly, Plaintiff is awarded $1,493.38 in litigation costs.

## II. CONCLUSION

For the reasons stated above, Plaintiff's motion for a default Judgment of Foreclosure and Sale against the Defendants is granted. Plaintiff is awarded $335,537.79 in damages and $12,961.10 in interest on the Principal Balance (calculated at a per diem rate of $35.03 from May

3

1, 2018 through the date of this Order), together with $1,493.38 in litigation costs, for a total monetary award of $349,992.27.  The Court will enter a Judgment of Foreclosure and Sale consistent herewith, at which time the Clerk of the Court will be directed to close this case.

**SO ORDERED.**

Dated: May 6, 2019
       Central Islip, New York

                                                              /s/ (JMA)
                                                JOAN M. AZRACK
                                                UNITED STATES DISTRICT JUDGE